UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERMANE NETTLES,<br>　　　Plaintiff,<br>vs.<br><br>ZOOM 34 LLC, LIBERTY TROPICAL JERK & SEAFOOD CENTER INC. and LIBERTY CHICKEN, INC.,<br>　　　Defendants. | 25-cv-334 (CBA)(MMH) |

## AMENDED COMPLAINT

Plaintiff, GERMANE NETTLES ("Plaintiff"), by his undersigned counsel, hereby files this Complaint against Defendants, ZOOM 34 LLC, LIBERTY TROPICAL JERK & SEAFOOD CENTER INC. and LIBERTY CHICKEN, INC. ("Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"). This matter concerns Plaintiff's visits to a restaurant located at 165-25 Liberty Avenue, Jamaica, New York 11433, POPEYE'S LOUISIANA KITCHEN and TROPICAL JERK (the "Facility") wherein Plaintiff encountered several barriers which have and will deter him from visiting the restaurant in the future. Plaintiff's past visit and his desire to return are fully set forth herein.

## JURISDICTION

**1.**　　This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.**　　Plaintiff currently resides in the Brooklyn, New York.

1

3. Plaintiff is complete T-6 paraplegic and bound to ambulate in a wheelchair. He has been disabled for over 22 years and is a qualified individual with disabilities under the ADA.

4. Plaintiff visited the subject property located at 165-25 Liberty Avenue, Jamaica, New York on multiple occasions on his way to and from his place of employment, to enjoy the goods and services offered therein and encountered barriers to access. Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 17 below.

5. Defendant, ZOOM 34 LLC, transacts business in the State of New York and within this judicial district. Defendant, ZOOM 34 LLC, is the owner and/or lessor, of the real property located at 165-25 Liberty Avenue, Jamaica, New York 11433 where the restaurant known as POPEYE'S LOUISIANA KITCHEN and TROPICAL JERK is located (the "Facility").

6. Defendant, LIBERTY CHICKEN, INC., transacts business in the State of New York and within this judicial district. Defendant, LIBERTY CHICKEN, INC., is the lessee of the Facility located at 165-25 Liberty Avenue, Jamaica, New York 11433 and the owner and/or operator of a restaurant known as POPEYE'S LOUISIANA KITCHEN (the "Facility").

7. Defendant, LIBERTY TROPICAL JERK & SEAFOOD CENTER INC., transacts business in the State of New York and within this judicial district. Defendant, LIBERTY TROPICAL JERK & SEAFOOD CENTER INC., is the lessee of the Facility located at 165-25 Liberty Avenue, Jamaica, New York 11433 and the owner and/or operator of a restaurant known as TROPICAL JERK (the "Facility").

8. The Facility is a place of public accommodation under the ADA.

9. Plaintiff has suffered legal harm and injury in fact (see Paragraph 19), as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

10. The barriers alleged in Paragraph 19, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

11. The removal of the alleged barriers can be accomplished without much difficulty or expense.

12. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Eastern District.

## FACTUAL ALLEGATIONS AND CLAIM

13. Plaintiff has attempted to access the Facility on *multiple occasions*, including May 5, 2024, to enjoy the food offered at the various eateries, but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

14. *Plaintiff passes by this location regularly on his way to and from his place of employment* and often wishes to stop to purchase food and/or beverages at the various eateries, including Popeye's and Liberty Jerk.

15. Plaintiff encountered several barriers to access including lack of accessible parking spaces, inaccessible routes to the stores and eateries, inaccessible entrances to Popeye's, and inaccessible seating in Popeye's and Tropical Jerk.

3

16. Plaintiff intends to visit the Facility in the future, *as he passes this location regularly to and from work.* However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 19 below.

17. P*laintiff passes this shopping center regularly on his way to work* and home again and often desires to stop to enjoy Popeye's chicken or Tropical Jerk to enjoy on site, or to take out and enjoy at home, but he is discouraged due to the numerous barriers that make his visits difficult.

18. Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

19. Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound plaintiffs. A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

**The Common Areas (DEFENDANT ZOOM 34 LLC)**

I. <u>Accessible parking spaces not provided as required within existing parking area:</u>
There are no accessible parking spaces in violation of ADAAG 208 that requires one accessible parking space for parking facilities that provide one to twenty-five spaces.

II. <u>Accessible route to establishment not provided as required:</u>
At the west side of Popeye's, there is a raised curb at the path of travel in violation of ADAAG 206.

    At the east side of the Facility, there is a non-compliant and dangerous ramp which requires traversing uneven, broken and raised concrete, and a metal grate with elongated openings in violation of ADAAG 206, 402 and 403.

*Plaintiff felt unsafe while traversing the parking lot and dangerous and non-compliant ramp, almost tipped over, and has been discouraged from returning.*

III.    This Defendant is also Liable for the Violations in the Tenant Spaces Below.

**Popeyes (Defendant Liberty Chicken, Inc.)**

IV.    Accessible parking spaces not provided as required within existing parking area:

There are no accessible parking spaces in violation of ADAAG 208 that requires one accessible parking space for parking facilities that provide one to twenty-five spaces.

V.    Accessible route to establishment not provided as required:

At the west side of Popeye's, there is a raised curb at the path of travel in violation of ADAAG 206.

At the east side of the Facility, there is a non-compliant and dangerous ramp which requires traversing uneven, broken and raised concrete, and a metal grate with elongated openings in violation of ADAAG 206, 402 and 403.

VI.    Entrance to Popeye's Is Not Accessible:

The minimum maneuvering clearance is not provided at the entrance vestibule in violation of ADAAG 206, 207 and 404.

*Plaintiff has difficulty entering the Facility and has been forced to seek assistance from strangers which is embarrassing and presents an undue hardship.*

VII.    There is no Accessible Seating

There is no accessible seating provided in violation of ADAAG 226, 902, 306 or 305.

*Plaintiff cannot eat inside the restaurant comfortably as he cannot pull his chair up to the tables or boots.*

**Tropical Jerk (Liberty Tropical Jerk & Seafood Center Inc.)**

VIII.    Accessible parking spaces not provided as required within existing parking area:

There are no accessible parking spaces in violation of ADAAG 208 that requires one accessible parking space for parking facilities that provide one to twenty-five spaces.

IX.    Accessible route to establishment not provided as required:

At the west side of Popeye's, there is a raised curb at the path of travel in violation of ADAAG 206.

At the east side of the Facility, there is a non-compliant and dangerous ramp which requires traversing uneven, broken and raised concrete, and a metal grate with elongated openings in violation of ADAAG 206, 402 and 403.

*Plaintiff felt unsafe while traversing the dangerous and non-compliant ramp, almost tipped over, and has been discouraged from returning.*

X. <u>There is no Accessible Tables, or Service Counters</u>:

There is no accessible seating in violation of ADAAG 226, 902, 306 or 305.

*Plaintiff cannot eat inside the restaurant comfortably as he cannot pull his chair up to the tables or booths and had difficulty ordering from the service counter as it is too high.*

20. The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine all the ADA violations.

21. The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

22. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

23. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

24. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Dated: <u>July 23, 2025</u>

                                          Respectfully submitted,

                                        <u>*s/ Jennifer E. Tucek, Esq.*</u>
                                        Law Office of Jennifer Tucek, PC
                                            *Attorney for Plaintiff*
                                        Bar No. JT2817
                                        641 Lexington Avenue, 15th Floor
                                        New York, New York 10022
                                        (917) 669-6991
                                        TucekLaw@Gmail.com