# Sage Legal LLC
**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

September 12, 2025

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Carol B. Amon, U.S.D.J.
225 Cadman Plaza East
Courtroom 10D South
Brooklyn, NY 11201-1804

   *Re:*  **Nettles v. Zoom 34 LLC, et al.**
      <u>Case No.: 1:25-cv-334 (CBA) (MMH)</u>

Dear Judge Amon:

  This firm represents the Defendant Zoom 34 LLC (hereinafter the "Defendant") in the above-referenced case, who respectfully submits this letter motion in accordance with ¶ 3(A) of this Court's Individual Motion Practices and Rules (hereinafter the "Individual Rules") to respectfully request a pre-motion conference in anticipation of Defendant's motion to dismiss Plaintiff's Amended Complaint, ECF Docket Entry <u>14</u>, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule").

  On June 30, 2025, Defendant had requested a pre-motion conference in anticipation of Defendant's motion to dismiss Plaintiff's original Complaint. <u>See</u> ECF Docket Entries <u>1</u> and <u>12</u>. Although Plaintiff subsequently amended their Complaint on July 23, 2025, Defendant contends that this amended pleading remains deficient under Rules 8, 12(b)(1), and 12(b)(6). <u>See</u> ECF Docket Entry <u>14</u>. For the reasons set forth below, Defendant's letter motion for a pre-motion conference should be granted.

## **<u>Plaintiff Lacks Standing</u>**

  "'Standing to sue is a doctrine' that 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" <u>See</u> <u>Liberian Cmty. Ass'n of Conn. v. Lamont</u>, 970 F.3d 174, 183-84 (2d Cir. 2020) "To establish Article III standing, 'a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.'" <u>See</u> <u>Liu v. Democratic Nat'l Comm.</u>, No. 21-CV-3021, 2022 WL 4372587, at *1 (2d Cir. Sept. 22, 2022).

  "[A] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." <u>See</u> <u>Choi's Beer Shop, LLC v. PNC Merck Servs. Co., L.P.</u>, 855 Fed. Appx. 20, 21 (2d Cir. 2021). To seek injunctive and declaratory relief, a plaintiff's standing "depend[s] on whether [that plaintiff] [is] likely to suffer future injury" based on the alleged conduct. <u>See</u> <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 105 (1983). The risk of future harm must be "real and immediate," although it need not be certain. <u>See</u> <u>Shain v. Ellison</u>, 356 F.3d 211, 215–16 (2d Cir. 2004) (citations omitted).

A plaintiff has standing to seek injunctive relief for disability discrimination "where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location." See Bernstein v. City of New York, 621 Fed. Appx. 56, 57 (2d Cir. 2015) (*per curiam*) (citing Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187–88 (2d Cir. 2013)). A plaintiff must make a "substantial showing before determining that future encounters are likely." See Constance v. State Univ. of N.Y. Health Sci. Ctr. at Syracuse, 166 F. Supp. 2d 663, 666 (N.D.N.Y. 2001) (collecting cases).

Here, Plaintiff still fails to allege how he suffered a past injury, and instead only alleges that he visited the premises once on May 5, 2024 and on other unspecified dates but "encountered barriers to access;" this is insufficient to allege a past injury. See ECF Docket Entry 14 at ¶¶ 4, 13; see also Chamaidan v. Tomy B. Haircare Inc., No. 17-CV-6948, 2019 WL 4917895, at *4 (E.D.N.Y. Sept. 30, 2019) (finding that plaintiff failed to allege a past injury where plaintiff only alleged that she "wanted to enter [d]efendant's public accommodation, however, was unable to because of the existence of an unlawful architectural barrier" because "this allegation [was] insufficient"). Plaintiff's added detail, that he was denied access to the premises while "on his way to and from his place of employment," does not make his allegation any more sufficient, because the ADA claim still does not present an injury, and because it lacks the specificity required.

Unlike in Jones v. McDonald's, where the plaintiff's ADA claim regarding his desire to access the restaurant due to his travels around the area was deemed sufficient, Plaintiff's allegations here differ such that it is inapposite to that case. See 202 A.D.3d 476, 162 N.Y.S.3d 345 (2022). In Jones, the plaintiff lacked complete access to the premises – namely, the third floor, due to defendants' installation of a vertical lift that did not provide access to said third floor. See Id., 2020 WL 13189980 (complaint). However, in this case, the areas Plaintiff claims are inaccessible are not as much of a discriminatory bar on access, as they are an alleged inconvenience. For example, Plaintiff alleges that he has difficulty entering Popeye's, that seating inside the restaurant is not comfortable, that curbs outside of the establishment are "dangerous", and that he has difficulty ordering from the service counter due to its height. See ECF Docket Entry 14 at ¶ 19. Though Defendant is sympathetic to Plaintiff's purported plight, these inconveniences do not rise to the level of a discriminatory violation under the ADA. See Doe v. Pfrommer, 148 F.3d 73 (2d Cir. 1998) (the ADA does not require the best or most ideal services, but ensures individuals with disabilities are not excluded or treated unfairly in comparison to non-disabled individuals) (cited in Rockefeller v. Dutchess Cnty. Dep't of Soc. Servs., No. 25-CV-5210 (KMK), 2025 WL 2042309, at *1 (S.D.N.Y. July 21, 2025) ("The purpose of the ADA is '*to ensure evenhanded treatment between the disabled and the able-bodied*'"") (emphasis added)).

Further, Plaintiff uses vague and nonspecific phrasing to assert that he has suffered a concrete and particularized injury in fact, which is not specific enough to state a claim under the ADA. See Adams v. 98-208 Para Realty Corp., No. 22-CV-2135 (MKB), 2023 WL 5827595, at *5 (E.D.N.Y. Sept. 8, 2023) (citing Feltzin v. Stone Equities, LLC, No. 16-CV-6457, 2018 WL 1115135, at *10 (E.D.N.Y. Feb. 8, 2018) ("Plaintiff's use of ambiguous, indirect, and passive phrasing further supports the Court's conclusion that the Complaint lacks sufficient specificity to establish Plaintiff's having suffered a concrete and particularized injury in fact").

The foregoing lack of specificity abounds in the amended complaint, and is insufficient to establish standing. See ECF Docket Entry 14 at ¶¶ 4, 13-19.

Finally, Plaintiff fails to allege future intent to visit the subject property. Indeed, in the complaint, Plaintiff pleads that he intends to visit the premises in the future. Id. at ¶¶ 4, 9, 14, 16-17. However, courts routinely find such vague allegations insufficient to allege a future intent to visit. See Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 76 (2d Cir. 2022) (finding that plaintiffs' allegations that they lived in close proximity, had been customers on prior occasions, and intended to return immediately after defendants provided the requested accommodation were insufficient since the "mere 'profession of an intent to return to the places' previously visited is 'not enough' to establish standing for prospective relief"); see also Baur v. Veneman, 352 F.3d 625, 636–37 (2d Cir. 2003) ("While the standard for reviewing standing at the pleading stage is lenient, a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing").

For example, Plaintiff provides no precise dates, other than May 5, 2024, on which he had attempted to visit or on which he planned to return. Furthermore, while proximity is relevant to the determination of a plaintiff's intent to return to an accommodation in the future, it is insufficient, on its own, to establish Title III's requirements for injunctive relief. See Small v. Gen. Nutrition Cos., Inc., 388 F. Supp. 2d 83, 90 (E.D.N.Y. 2005) ("[A] plaintiff's showing that he 'live[s] in close proximity' to the public accommodations he is challenging is clearly insufficient to establish standing.").

Based on the foregoing, and the continued infirmities in Plaintiff's amended pleading, Defendant respectfully submits that its letter motion for a pre-motion conference be granted.

Defendant thanks this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
September 9, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant
Zoom 34 LLC*