LAW OFFICE OF JENNIFER E. TUCEK, PC
641 Lexington Avenue, 15th Floor
New York, New York 10022
(917) 669-6991
TucekLaw@Gmail.com

September 15, 2025

<u>VIA ECF</u>
Judge Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

           Re: *Nettles v. Zoom 34 LLC et al.*
             25-cv-00334

Dear Judge Amon:

  Plaintiff submits this letter for the following purposes: 1) to oppose any contemplated motion to dismiss on the grounds that it is untimely 2) to request that the court review this letter and specific referenced paragraphs of the Amended Complaint rather than simply rubber stamping Defendant's request 3) that at a minimum, the court actually have a conference and/oral argument to address the arguments below rather than simply rubber stamping Defendant's request, or in the alternative, deny Defendant's request based on the submissions and actual Amended Complaint. A review of these items leads to the inevitable conclusion that any motion to dismiss would be frivolous.

**Plaintiff Never Consented to Defendant's Filing of an Unreasonably Late Motion to Dismiss**

  Defendant has demonstrated a pattern of delay and default in this case. Defendant was served with the initial Complaint on Answer was due on March 12, 2025. After strenuous efforts to reach out to Defendant, I finally heard from counsel, Mr. Emmanuel Kataev on April 25, 2025, at which time he asked for a *60-day extension*. I advised him to please file a Notice of Appearance, and once that was done, I would consent to a brief extension. On May 28, over a month later, I again contacted Mr. Kataev to follow-up and he requested yet another *60-day extension*. I advised him that he needed to immediately appear in the matter, and I would

consent to a 30-day extension of time for him to respond the Complaint. Eleven days later, on June 9, Defendant filed his Notice of Appearance and request for an extension of time to respond so he could "analyze the facts". On June 12, 2025, the Court granted Defendant's request and Ordered Defendant to Respond to the Complaint on or before June 27, 2025. Defendant, rather than accept my invitation to discuss a resolution, chose to file a request for a pre-motion conference to dismiss the case.

*In violation of Your Honor's June 12 Order*, Defendant did not file its Response until June 30. (Docket No. 12). On July 23, 2025, Plaintiff filed his First Amended Complaint. Accordingly, the Court denied Defendant's motion for a pre-motion conference as moot. Defendant's response to the Amended Complaint was due on August 3, 2025, *over five weeks ago*.

On Monday, September 8, 2025, I called Mr. Kataev, *as a courtesy,* to advise him that I was about to obtain a Certificate of Default as Defendant's Answer was long overdue, and to make a final attempt to resolve the matter. I offered to prepare a settlement proposal to address all the issues in the case. Mr. Kataev expressed a *strong* interest in resolving the case, asked me to send him what he referred to as my "demand" and asked if I would agree to an extension of time to *Answer* until Friday so that he could discuss the proposal with his client. Plaintiff provided Defendant with a proposal the very same day and has yet to receive any response whatsoever.

Plaintiff never consented and never would have consented to any extension of time to file a motion to dismiss. Moreover, Defendant has not presented good cause for this belated request to which no consent was given. Mr. Kataev's "travels" do not excuse his lengthy default of over five weeks. Indeed, unless he were on a mission to Mars or 10,000 leagues under the sea, he could have easily reached out to the Court to obtain an extension – to which Plaintiff would have objected in any event. Defendant's purported excuse is also belied by the motion letter itself which is *identical* to the previous motion letter filed. Plaintiff asserts that Mr. Kataev did not even read the Amended Complaint and his argument that he needed more time to "analyze" the issues raised is not credible.

**Defendant's Assertion that Plaintiff failed to suffer a past injury, but merely an *"inconvenience"* is offensive considering the serious and *dangerous* nature of the violations.**

Plaintiff, who is a T-6 Paraplegic and a resident of Brooklyn alleges that he passes by this shopping center on a regular basis to and from his job and often wishes to stop there to eat at Popeye's Chicken or Tropical Jerk, a Caribbean restaurant. He has attempted to visit the shopping center on multiple occasions, including but not limited to May 5, 2024, and intends to visit the facility again, on a regular basis, when and if the shopping center is made accessible (Amended Complaint at ¶ 2, 3, 13, 14 and 15). He further alleges that on his visits he encountered many *serious* obstacles to access in violation of several ADA Regulations, all clearly described in P 19, including but not limited to the following:

- There are no accessible parking spaces whatsoever even though there is a parking lot with several parking spaces for the public in violation of ADAAG 208. Id at ¶ 19 Sections I, IV, VIII.
- There is no accessible route from the parking lot to any of the eateries or stores in violation of ADAAG 206, 402 and 405. There is no curb cut along any portion of the shopping center whatsoever. On the far East side of the shopping center there is "ramp" which forces one to traverse broken and raised concrete, and a metal grate with elongated openings in which a wheelchair wheel is likely to get stuck, a serious violation of ADAAG 206, 402 and 403. Plaintiff alleges he felt unsafe while attempting to traverse the dangerous and non-compliant "ramp" almost tipped over and has been discouraged from returning. (Id at ¶ 19 Sections II, V, IX.)
- The entrance to Popeye's is not accessible as there is not enough maneuvering space inside the vestibule of the two entrance doors in violation of ADAAG 206, 207 and 204. Id at ¶ 19. Section 6.
- There is no accessible seating in Popeye's in violation of ADAAG 226, 902, 306 and 305. Id at ¶ 19 Section VII
- There is no accessible seating, or service counter in Tropical Jerk in violation of ADAAG 226, 902, 306 and 305. Id at ¶ 9 Section IX.
- Defendant refers to the above violations as mere "inconveniences."

**Plaintiff Clearly established Standing under Relevant Law**

To establish standing in the context of the ADA, a plaintiff must demonstrate: "1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [property] to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp*., 731 F.3d 184, 187 (2d Cir. 2013). Plaintiff has established standing under *Kreisler*.

Defendant sites to *Calcano v. Swarovski N. Am. Ltd*. 36. F. 4th 68 (2nd Cir. 2022) and its progeny for its argument that Plaintiff has not plead an intent to return because he has not specified a specific date that he intends to return. This argument is ludicrous considering Plaintiff's allegation that he passes by the shopping center every day on his way to and from work. Moreover, these cases are distinguishable from the instant matter. In *Calcano*, the Court found that Plaintiff's threadbare assertions were conclusory and did not raise a reasonable inference of injury. The allegations were not plausible as one of the stores in question did not exist, plaintiff provided no reasons for his desire to visit or return, and the complaint was a cookie cutter, fill in the blanks pleading. This case is not applicable here for obvious reasons. The allegations raised in Calcano were simply not plausible. Indeed, "Assessing plausibility is a context specific task that requires a reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) at 679.

  Considering the above Plaintiff respectfully requests that the Court not entertain Defendant's request as it is untimely, and in the alternative requests that, considering the well-pled allegations in the Amended Complaint, the Court deny Defendant's request in its entirety.  Thank you.

  Respectfully Submitted,

<u>Jennifer E. Tucek</u>
Attorney for the Plaintiff