LAW OFFICE OF JENNIFER E. TUCEK, PC
641 Lexington Avenue, 15th Floor
New York, New York 10022
(917) 669-6991
TucekLaw@Gmail.com

September 15, 2025

<u>VIA ECF</u>
Judge Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

         Re:  *Nettles v. Zoom 34 LLC et al.*
           25-cv-00334

  Plaintiff writes this letter in opposition to Defendant's belated Request for a pre-motion conference (DE 20).  Plaintiff does not consent to this request which is *five weeks* overdue.  Defendant has demonstrated a pattern of delay and default in this case.  Defendant was served with the initial Complaint on Answer was due on March 12, 2025.  After strenuous efforts to reach out to Defendant, I finally heard from counsel, Mr. Emmanuel Kataev on April 25, 2025, at which time he asked for a *60-day extension*.  I advised him to please file a Notice of Appearance, and once that was done, I would consent to a brief extension.  On May 28, over a month later, I again contacted Mr. Kataev to follow-up, and he requested yet another *60-day extension*.  I advised him that he needed to immediately appear in the matter, and I would consent to a 30-day extension of time for him to respond the Complaint.  Eleven days later, on June 9, Defendant filed his Notice of Appearance and request for an extension of time to respond so he could "analyze the facts".  On June 12, 2025, the Court granted Defendant's request and Ordered Defendant to Respond to the Complaint on or before June 27, 2025. Defendant, rather than accept my invitation to discuss a resolution, chose to file a request for a pre-motion conference to dismiss the case.

*In violation of Your Honor's June 12 Order*, Defendant did not file its Response until June 30. (Docket No. 12). On July 23, 2025, Plaintiff filed his First Amended Complaint. Accordingly, the Court denied Defendant's motion for a pre-motion conference as moot. Defendant's response to the Amended Complaint was due on August 3, 2025, *over five weeks ago*.

On Monday, September 8, 2025, I called Mr. Kataev, *as a courtesy,* to advise him that I was about to obtain a Certificate of Default as Defendant's Answer was long overdue, and to make a final attempt to resolve the matter. I offered to prepare a settlement proposal to address all the issues in the case. Mr. Kataev expressed a *strong* interest in resolving the case, asked me to send him what he referred to as my "demand" and asked if I would agree to an extension of time to *Answer* until Friday so that he could discuss the proposal with his client. Plaintiff provided Defendant with a proposal the very same day and has yet to receive any response whatsoever.

Plaintiff never consented and never would have consented to any extension of time to file a motion to dismiss. Moreover, Defendant has not presented good cause for this belated request to which no consent was given. Mr. Kataev's "travels" do not excuse his lengthy default of *over five weeks*. Indeed, unless he were on a mission to Mars or 10,000 leagues under the sea, he could have easily reached out to the Court to obtain an extension – to which Plaintiff would have objected in any event. Defendant's purported excuse is also belied by the motion letter itself which is *identical* to the previous motion letter filed. Plaintiff asserts that Mr. Kataev did not even read the Amended Complaint and his argument that he needed more time to "analyze" the issues raised is not credible.

Considering the above, Plaintiff respectfully requests that Defendant's motion for an extension of time to file a motion to dismiss be denied.

Respectfully Submitted,
/s/ Jennifer E. Tucek
Attorney for the Plaintiff