LAW OFFICE OF JENNIFER E. TUCEK, PC
641 Lexington Avenue, 15th Floor
New York, New York 10022
(917) 669-6991
TucekLaw@Gmail.com

March 13, 2026

<u>VIA EMAIL</u>
Judge Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  *Nettles v. Zoom 34 LLC et al.*
          25-cv-00334

Dear Judge Henry:

  I represent the Plaintiff in the above-referenced matter.  I am writing to provide status of the settlement pursuant to the Court's March 6, 2026 Order, and to request a conference so that Plaintiff may respond to Defendant's outrageous assertions without publicly disclosing confidential settlement discussions.   Moreover, Plaintiff's attempts to speak reasonably with Mr. Kateov have been met with derision and have been very upsetting and unproductive, and for that reason, the undersigned has limited her conversations with him to email.

  Briefly, on January 12, 2026, after spending several hours preparing for and attending a lengthy settlement conference, the Parties settled the matter in principle.  Plaintiff sent Mr. Kaetov a settlement agreement consistent with the terms agreed to at the conference.  On January 20, I received the Agreement back with revisions that significantly altered the agreed upon material terms of the previously reached settlement.  On that same day, Defendant verbally attacked the undersigned with personal insults to the point that I was forced to cease all communication with him.

  In an attempt to salvage the settlement, Plaintiff spent significant time fashioning a new proposal that addressed Defendant's concerns.  I sent Defendant yet another draft agreement on January 22. I advised Defendant, in writing, that Plaintiff was agreeing to

the new terms, with the condition precedent that the agreement would be finalized by January 27, 2026.

    The dates for performance as stated in the draft agreement sent almost three months ago have passed.  The effective date, as clearly stated in the Agreement, was upon full execution.  There has been no performance.  On February 12, I advised Defendant that Plaintiff no longer wished to settle consistent with the agreement which was far less favorable than the one reached at the settlement conference.

    Finally, the draft agreement that Mr. Kateov asserts is binding and enforceable clearly states that it shall be governed by and interpreted in accordance with the laws of the State of New York.  New York CPLR 2104 clearly states that settlements between parties are not binding unless in writing and signed.  Thank you.


Respectfully submitted,

/s/ Jennifer E. Tucek
Jennifer E. Tucek